IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. |
| v. | ) ) | COMPLAINT |
| A & A CONTRACTING, INC., | ) ) | JURY TRIAL DEMAND |
| Defendant. | ) ) ) | |

## NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Rickie E. Wells who was adversely affected by such practices. Defendant terminated Rickie E. Wells from his employment because it regarded him as substantially impaired in the major life activity of working as alleged with greater particularly in paragraph 8 below.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12117(a), which incorporates by reference §§ 2000e-5(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e-5(f)(1) and (3).

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Eastern District of Missouri, Eastern Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1).

4. At all relevant times, Defendant, A & A Contracting, Inc. (the "Employer"), has continuously been a Missouri Corporation doing business in the State of Missouri and the City of St. Louis, and has continuously had at least 15 employees.

5. At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce under Section 101(5) of the ADA, 42 U.S.C § 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. § 2000e(g) and (h).

6. At all relevant times, Defendant Employer has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## STATEMENT OF CLAIMS

7. More than thirty days prior to the institution of this lawsuit, Rickie E. Wells filed a charge with the Commission alleging violations of Title I of the ADA by Defendant Employer. All conditions precedent to the institution of this lawsuit have been fulfilled.

8.	On or about June 15, 2007, Defendant Employer engaged in unlawful employment practices at its job site in St. Louis, Missouri, in violation of Section 102 of Title I of the ADA, 42 U.S.C. 12112, by discharging Rickie E. Wells because of his current and past medical conditions, to wit: Hepatitis C, kidney cancer, the loss of one kidney, and high blood pressure. Defendant did not believe that Wells could work for any reasonable period of time in any gainful employment due to his medical conditions described above and therefore terminated his employment.

9.	The effect of the practices complained of in paragraph 8 above has been to deprive Rickie E. Wells of equal employment opportunities and otherwise adversely affect his status as an employee, because of his perceived disabilities.

10.	The unlawful employment practices complained of in paragraph 8 above were intentional.

11.	The unlawful employment practices complained of in paragraphs 8 above were done with malice or with reckless indifference to the federally protected rights of Rickie E. Wells.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.	Grant a permanent injunction enjoining Defendant Employer, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from terminating its employees who have kidney cancer, Hepatitis C, and/or have lost a kidney.

B.	Order Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with

3

disabilities, and which eradicate the effects of its past and present unlawful employment practices.

   C. Order Defendant Employer to make whole Rickie E. Wells, by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to front pay or rightful place reinstatement of Rickie E. Wells.

   D. Order Defendant Employer to make whole Rickie E. Wells by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph 8 above, including relocation expenses, job search expenses, expenses caused by the eviction from his home, and medical expenses that would have been covered by the health insurance provided through his employment by Defendant Employer, in amounts to be determined at trial.

   E. Order Defendant Employer to make whole Rickie E. Wells by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraph 8 above, including emotional distress, pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

   F. Order Defendant Employer to pay Rickie E. Wells punitive damages for its malicious and reckless conduct, as described in paragraph 8 above, in amounts to be determined at trial.

   G. Grant such further relief as the Court deems necessary and proper in the public interest.

   H. Award the Commission its costs of this action.

JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

JAMES L. LEE
Acting General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

BARBARA A. SEELY
Regional Attorney

C. FELIX MILLER
Supervisory Trial Attorney

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
St. Louis District Office
1222 Spruce Street, Room 8.100
St. Louis, Missouri 63103
314-539-7914


 /s/ Andrea G. Baran
ANDREA G. BARAN  MO #46520
Senior Trial Attorney
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
400 State Avenue, Suite 905
Kansas City, Kansas 66101
(913) 551-5848 (telephone)
(913) 551-6957 (facsimile)
e-mail: barbara.seely @eeoc.gov
          felix.miller@eeoc.gov
          andrea.baran@eeoc.gov

ATTORNEYS FOR PLAINTIFF
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION